**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MAURA KUHLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-84 |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Motion for Remand to State Court, filed by Plaintiff, Maura Kuhlman, on March 10, 2010. For the reasons set forth below, the motion for remand is **GRANTED**. Accordingly, this case is **REMANDED** to Lake Superior Court.

BACKGROUND

In December of 2009, Plaintiff, Maura Kuhlman, filed a complaint in Lake Superior Court arising from injuries she allegedly incurred while shopping in store owned by Defendant, Walgreen Co. According to the complaint, while Plaintiff was a customer in Defendant's store, a Walgreen employee pushed or knocked over a section of metal shelving, which struck Plaintiff on the head and body.

As a result of being hit by the shelving, Plaintiff alleges she "has suffered injuries, some of which are permanent, endured

physical and mental pain, incurred expenses for the care and treatment of her injuries, and has suffered a loss of earnings and of future earning ability." (Cmplt, p. 2). As such, Plaintiff is seeking to be awarded compensatory damages for her losses.

On February 18, 2010, Defendant filed a petition for removal based on diversity of jurisdiction. Defendant explains that it is an Illinois corporation with its principal place of business in Illinois, while Plaintiff is a citizen of Indiana. In addition, based on the allegations of the complaint, along with defense counsel's experience with cases similar to Plaintiff's, Defendant also claims that there is a reasonable probability that the amount in controversy exceeds $75,000.

Plaintiff has filed the instant motion asking this Court to remand the case back to state court because Defendant has failed to establish that the amount in controversy at the time of removal exceeded $75,000.

DISCUSSION

Plaintiff argues that this case should be remanded back to state court for lack of jurisdiction because Defendant has failed to prove the requisite amount in controversy.

Removal of this case would be appropriate if it could have originally been filed here. 28 U.S.C. § 1441. Defendant removed the case from state court based on diversity jurisdiction. 28

U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998). It is Walgreen's burden to show complete diversity exists between the parties as well as proving that Kuhlman's complaint stated a claim for more than $75,000 at the time it filed its notice of removal. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *BEM I, L.L.C. v. Anthropoligie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)(teaching that the relevant date for determining whether the minimum amount in controversy is present is the date of removal). The parties do not dispute that complete diversity exists. What is in dispute is whether Walgreen has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Typically, the starting point for determining the amount in controversy is the face of the complaint, where the plaintiff may value her request for relief. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). However, this is of no help here, because Indiana civil procedure law prohibited Plaintiff from requesting such specific relief. Ind. Trial R. 8(A)(2). Thus, there is no ad damnum clause in the complaint.

A defendant who removes a suit in which there is no ad damnum clause, such as here, must establish by a preponderance of the

evidence that the amount in controversy exceeds $75,000. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542-43 (7th Cir. 2006); *Rising-Moore, v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). This does not mean that the defendant must show that the plaintiff will prevail or collect more than $75,000 if she does; rather, the burden is on the defendant to show that what the plaintiff hopes to get out of the litigation exceeds the jurisdictional threshold of $75,000. *Id.* at 816.

In making this inquiry, the Court may look outside the pleadings to other evidence of jurisdictional amount in the record, but it is limited to examining only that evidence which was available at the moment the petition of removal was filed. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Instead of pointing to evidence outside the pleadings, Walgreen looks solely at the allegations of the complaint and defense counsel's belief regarding those allegations. Defendant claims that those allegations are more than sufficient for the Court to conclude that the amount in controversy meets jurisdictional requirements.

### The general allegations of Plaintiff's complaint are <u>insufficient to satisfy the amount in controversy requirement.</u>

Typically, reliance on general allegations in a complaint is insufficient to satisfy the amount in controversy. *King v. Wal-Mart Stores, Inc.*, 940 F.Supp. 213, 216-17 (S.D. Ind. 1996); *Reason*

*v. General Motors*, 896 F.Supp. 829, 834-35 (S.D. Ind. 1995). In *King*, the plaintiff alleged that she slipped and fell while she was at a Wal-Mart store. 940 F.Supp. at 215. As a result, the plaintiff sought damages for unspecified medical expenses, injuries and lost wages. Plaintiff alleged that she "suffered pain and injuries," had "incurred medical expenses," would "suffer future pain" and would incur "future medical expenses." *Id.* at 216. The removing party argued that "it is clear based on the allegations of plaintiff's complaint" that the amount in controversy has been satisfied. However, the court in *King* disagreed and set out that "such general allegations do not facially constitute a dollar amount exceeding $50,000." *Id.* The court reiterated the need for a removing party to explain with factual detail that the jurisdictional amount in controversy is satisfied. *Id.*

While relying on general allegations of a complaint is insufficient to establish jurisdiction, reliance on specific allegations in a complaint can be sufficient to satisfy a removing party's burden. "When plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002). The allegations in *McCoy* were that the brakes on plaintiffs' General Motors' vehicle failed causing the vehicle to crash into an oncoming car. Plaintiffs'

complaint alleged that each occupant suffered "lasting and permanent injuries . . . and incurred medical bills related to . . . medical, surgical, hospital, and nursing care for their injuries . . . as well as" lost wages. *Id.* In addition, Plaintiffs "claimed that they suffered . . . severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." *Id.* While plaintiffs were prohibited from making an express ad damnum clause, they claimed that their damages exceeded the amount of $50,000 for each count, in order to comply with the Illinois Circuit Court's rule of assignment. *Id.* at 940. The *McCoy* court reasoned that "because plaintiffs, two of whom are minors, alleged severe and permanent injuries, including paralysis, and sought damages for lost income," it was clear that Plaintiffs were seeking in excess of $75,000. *Id.* at 942.

Another case where the allegations were specific enough to satisfy the amount in controversy requirement was *Fields v. Jay Henges Enterprises, Inc.*, No. 06-323, 2006 WL 1875457 (S.D. Ill. June 30, 2006). In *Fields*, the plaintiff alleged that the negligence of defendants in spraying chemicals at his work site caused him "to sustain serious and permanent personal injuries." *Id.* at *4. These injuries included injuries to his "skin and body as a whole." *Id.* Plaintiff alleged that he "incurred folliculitis, irritant contact dermatitis, mil[i]aria rubra and

p[r]urigo nodularis." *Id.* Plaintiff further alleged that he "suffered, suffers and will in the future suffer great physical pain and mental anguish." *Id.* In addition, he alleged that "the function of all of the said areas and parts of plaintiff['s] . . . body has been and will be in the future greatly impaired and diminished and that all of the plaintiff['s] . . . injuries . . . are permanent and progressive." *Id.* Due to these injuries, plaintiff claims he "has been caused to incur medical expenses for medicines, doctors, x-rays, medical institutions and prescriptions and will in the future be required to expend further sums [.]" *Id.* Plaintiff alleged that he "has been caused to lose time from [his] employment[.]" *Id.* While the plaintiff did not specify the damages sought, he did attest in support of the complaint that in excess of $50,000 in damages was in controversy. *Id.* Based on these specific allegations, the court found that plaintiff's claim for personal injuries was clearly worth in excess of $75,000. *Id.* at *5.

Walgreen's reliance on the allegations of Kuhlman's complaint can satisfy its burden if those allegations make clear that the Kuhlman's damages exceed $75,000. However, the complaint's allegations fall short of establishing that Plaintiff's damages exceed that amount. Walgreen has only established that Plaintiff is seeking compensatory damages for injures "some of which are permanent," "loss of earnings and of future earning" due to a metal

shelf falling onto Ms. Kuhlman. These allegations lack the factual detail to prove, by a preponderance of the evidence, that the amount of damages exceeds the jurisdictional threshold. *King*, 940 F.Supp. at 216.

Aside from a few terms of art included in the complaint, such as loss of "future earning" and some injuries that "are permanent," this Court is largely in the dark as to the nature and extent of Plaintiff's claimed injuries and required treatment. This stands is sharp contrast to the severe, detailed injuries alleged in *McCoy* and *Fields*. Notably, this Court has found no precedent that allows a defendant to remove a case based on the complaint containing an allegation of some sort of undefined permanent injury or lost earnings. Neither "permanent injury" nor "loss of future earnings" are magical terms of art that automatically demonstrate that the jurisdictional threshold has been met. Instead, these allegations are only factors to be considered in the totality of the circumstances.

    Defendant fails to establish amount
    <u>in controversy through a comparative analysis.</u>

Defendant also attempts to employ a sort of comparative analysis in an effort for this Court to find that the jurisdictional amount in controversy has been met. Defense counsel provides his own affidavit, where he sets out his belief that, in his experience, "if the Plaintiff, Maura Kuhlman, is able to prove

all of her claims for which she is seeking damages, there is a reasonable probability that more than Seventy-Five Thousand Dollars ($75,000) is in controversy." (Notice of Removal, Ex. B). Essentially, defense counsel claims that, compared to other cases with similar claims, the instant allegations are enough to satisfy the amount in controversy.

Courts have used comparative approaches to establish the jurisdictional amount in controversy. *Gilmore v. Bayer Corp.*, No. 09-986, 2009 WL 4789406 (S.D. Ill. Dec. 9, 2009). In *Gilmore*, plaintiffs brought a class action for damages for personal injuries allegedly caused by Trasylol, a prescription medication manufactured and distributed by Bayer. *Id.* at *1. The Gilmore court noted that "other cases involving allegations of severe and permanent personal injuries caused by Trasylol" exceeded $75,000. *Id.* at *3. Because the complaint at issued contained identical allegations to the prior complaints, the court denied the motion for remand. *Id.*

Unlike the comparative analysis performed in *Gilmore*, where the complaint at issue was being compared with a prior complaint involving identical allegations, defense counsel has not provided any evidence of a complaint with identical allegations that satisfied the jurisdictional amount in controversy. Despite counsel's belief, he does not support that belief with any evidence or explanation. Nor does counsel give any detail comparing the

allegations of this case with any other cases involving similar allegations where at least $75,000 was in dispute. Thus, unlike the comparative analysis performed in *Gilmore*, this Court has been provided no evidence from similar cases to which it can conclude that the instant case involves $75,000 in dispute.

Neither the complaint itself nor any submitted evidence demonstrates, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Therefore, this case must be remanded back to state court.

CONCLUSION

For the reasons set forth above, the motion for remand is **GRANTED**. Accordingly, this case is **REMANDED** to Lake Superior Court.

**DATED: April 26, 2010**    /s/RUDY LOZANO, Judge
                             **United States District Court**